# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DOUGLAS DANZEISEN,
:
    Petitioner,                                Case No. 3:09-cv-248

:        District Judge Thomas M. Rose
  -vs-                                     Magistrate Judge Michael R. Merz

BRIAN COOK, Warden,
:
    Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court for initial review under rule 4 of the Rules Governing § 2254 Cases.

Petitioner was convicted in the Montgomery County Common Pleas Court of two counts of robbery and one count of theft. He pled guilty as a result of plea negotiations which resulted in the filing of an Information charging the offenses to which he pled. Despite the guilty plea, Petitioner appealed to the Montgomery County Court of Appeals on the ground his plea was not knowingly, intelligently, and voluntarily entered. The Court of Appeals affirmed the conviction. *State v. Danzeisen*, 2004 WL 1949548 (Ohio App. 2nd Dist. Sept. 3, 2004). Petitioner took no further appeal to the Ohio Supreme Court. (Petition, Doc. No. 1, ¶ 9(g).) In the instant Petition, he pleads one ground for relief:

> **Ground One:** Petitioner in state custody in violation of 14th Amendment right to liberty.
>
> **Supporting Facts:** State trial court lacked subject-matter jurisdiction

to convict and sentence Petitioner where Bill of Information failed to charge offense in violation of 6th and 14th Amendment right to be informed of nature of offense and procedural due process of law.

(Petition, Doc. No. 1, at 6.)

28 U.S.C. §2244 (d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A district court may dismiss a habeas petition *sua sponte* on limitations ground when conducting an initial review under Rule 4 of the Rules Governing §2254 Cases, *Day v. McDonough*, 547 U.S. 198 (2006)(upholding *sua sponte* raising of defense even after answer which did not raise

it); *Scott v. Collins*, 286 F.3d 923 (6th Cir. 2002).

Ohio law allows forty-five days for an appeal from the court of appeals to the Ohio Supreme Court. Petitioner's time for appeal therefore expired on October 18, 2004. Under § 2244, a habeas petition would have to have been filed, in order to be timely, no later than October 18, 2005. However, the Petition here was not filed until June 27, 2009.[1]

Recognizing the difficulty which 28 U.S.C. § 2244 presents to his case, Petitioner argues the Petition is timely because:

> The 1-year statute of limitations contained in 28 U.S.C. § 2242(d)(1) [sic][2] is inapplicable in this case because if the State trial court was without subject-matter jurisdiction under State law, then the judgment of conviction and sentence is Void *ab initio* and since subject-matter jurisdiction may not be waived, the right to federal adjudication may not be forfeited. Cf. U.S. Griffin, (1938) 303 U.S. 226, 58 S. Ct. 601; U.S. v. Cotton, 535 U.S. 625, 122 S. Ct. 1781 (2002). In addition, Article III, U.S. Constitution mandates habeas court determine both Federal and State court subject-matter jurisdiction in first instance. Cf. Steel Cor. v. Citizens for a Better Environment, (1998), 118 S. Ct. 1003. Since right not waivable, not forfeited.

(Petition, Doc. No. 1, at ¶ 18.)

Petitioner is correct that a court without subject matter jurisdiction cannot enter a valid judgment and a purported judgment from a court without subject matter jurisdiction is void *ab initio*. See, e.g., *State v. Cimpritz,* 185 Ohio St. 490, 491, 110 N.E.2d 416, 417 (1953), ¶6 of the syllabus.

---

[1] The Clerk did not receive the Petition until June 30, 2009. However, as an incarcerated person, Petitioner is entitled to the benefit of the "mailbox" rule under which a prisoner's filing are deemed to have been filed the day they are deposited in the prison mail system. . *Towns v. United States*, 190 F.3d 468 (6th Cir. 1999). Petitioner has sworn he deposited the Petition on June 27, 2009 (Petition, Doc. No. 1, at 15.)

[2] § 2242 does not contain a statute of limitations or any subsections. The Court assumes this is a typographical error.

Secondly, for a court without subject matter jurisdiction to enter a judgment is a violation of the Due Process Clause of the Fourteenth Amendment and such a judgment can therefore be attacked in federal habeas corpus. *Ex parte Lange*, 85 U.S. 163 (1873). Thus the Petition does state a claim upon which relief could be granted, provided Petitioner could show the Bill of Information was defective and therefore the Montgomery County Common Pleas Court did not have subject matter jurisdiction.

However, the federal statutes do not contain an exception to the statute of limitations for lack of jurisdiction claims. To put it another way, the fact that the state court might not have jurisdiction is no different for statute of limitations purposes than any other claim that a conviction is unconstitutional, for example, if African-Americans were excluded from a jury or a petitioner was denied a lawyer. Even if the judgment is void, a federal habeas remedy to set aside that judgment is only available if the petition is filed within the time limits set in 28 U.S.C. § 2244.

Petitioner cites no case law to the contrary. In *United States v. Cotton,* 535 U.S. 625 (2002), the Supreme Court overruled *Ex parte Bain,* 121 U.S. 1 (1887), in which the Court had recognized a rule for the federal system, much like the Ohio rule in *Cimpritz, supra*, that errors in an indictment were "jurisdictional." But *Cotton* had nothing to do with habeas corpus; it was before the Supreme Court on direct review. Conversely, the Court has several times recognized the statute of limitations in § 2244 without ever suggesting there was an unstated exception for cases raising "jurisdictional" issues. See, e.g., *Day v. McDonough, supra*; *Mayle v. Felix*, 545 U.S. 644 (2005), *Pace v. DiGuglielmo*, 544 U.S. 408 (2005).

Because the Petition was filed long after the statute of limitations expired, it should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, and

-4-

appeal would be objectively frivolous and Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

July 1, 2009.

s/ **Michael R. Merz**  
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

J:\Documents\Danzeisen habeas R&R.wpd